UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-23938-ALTONAGA/Goodman

DANETTE BLANCO,

     **Plaintiff,**

v.

CESAR A. VELILLA M.D., P.A.,
EVMD HOLDINGS, LLC d/b/a
EVOLUTION, M.D., and
CESAR A. VELILLA, individually

     **Defendants**.

_____/

## FIRST AMENDED COMPLAINT[1]

Plaintiff DANETTE BLANCO ("Plaintiff") hereby sues CESAR A. VELILLA M.D., P.A. ("CAVM"), EVMD HOLDINGS, LLC D/B/A EVOLUTION MD ("Evolution"), and CESAR A. VELILLA ("Velilla") (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1.    This is an action for unpaid wages against Defendants pursuant to the Fair Labor Standards Act ("FLSA").

2.    Plaintiff seeks damages within this court's jurisdictional requirements, reasonable attorneys' fees and costs, and all other remedies allowable by law.

### PARTIES, JURISDICTION AND VENUE

---

[1] This First Amended Complaint is filed pursuant to the instructions contained within this Honorable Court's FLSA Order. [DE 4].

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

3.     CAVM and Evolution (the "Corporate Defendants") are were Florida businesses conducting business in Miami-Dade County, Florida during the relevant period.

4.     Plaintiff was formerly employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

5.     Venue is proper in this Court because Defendant transacts business in this District, Defendant maintains a principal place of business in this District, Defendant employed Plaintiff in this District, and the claims arose within this District.

## GENERAL ALLEGATIONS

### Defendants' Business

6.     Defendants operate a plastic surgery practice (the "Practice").

7.     During the relevant period, Velilla was an owner and operator of the Corporate Defendants.

8.     During the relevant period, the Corporate Defendants' gross annual revenue exceeded $500,000.

9.     Defendants market the Practice across state lines through the internet.

10.     At all relevant times, Defendants employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

11.     Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

12.     Defendants, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

13.     Defendants were engaged in interstate commerce and subject to the FLSA.

**<u>Plaintiff's Employment With Defendants</u>**

14.     In or around November 11, 2019, Plaintiff was hired by Defendants.

15.     Defendants agreed to pay Plaintiff on an hourly basis.

16.     Defendants, however, did not compensate Plaintiff for her first two weeks of work.

17.     Similarly, Defendants did not compensated Plaintiff for her last two weeks of work until Plaintiff retained a lawyer.

18.     To make matters worse, Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.  Specifically, Defendants failed to pay Plaintiff at time-and-a-half her regular rate of pay for all overtime hours worked.

19.     A preliminary outline of Plaintiff's unpaid wage claims are as follows:

    a)  <u>An initial estimate of the total amount of alleged unpaid wages.</u> The approximate unpaid wages at issue are $3,600.00

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

unliquidated and $7,200.00 liquidated. The approximate unpaid overtime wages at issue are $4,387.50 unliquidated and $8,775.00 liquidated.

b) <u>Period of Time Where FLSA Violations Occurred.</u> Plaintiff's FLSA claims occurred while she worked as a non-exempt physician's assistant for Defendants' from on or about November 11, 2019 to on or about January 17, 2020.

c) <u>A preliminary calculation of such wages:</u>

### Unpaid Wage Calculations

| Overtime Hours At Issue | Rate of Pay | Unpaid Wages |
|---|---|---|
| **80 hours** | **$45.00** | **$3,600.00 (unliquidated)** ($45.00 x 80 hours) |

### Overtime Wage Calculations

| Overtime Hours At Issue Per Week | Rate of Pay (Halftime) | Unpaid Overtime Wages |
|---|---|---|
| **25 hours** *(initial employment period)* | **$67.50** | **$1,687.50 (unliquidated)** ($67.50 x 25 hours) |

| Weeks At Issue | Overtime Hours At Issue Per Week | Rate of Pay (Halftime) | Unpaid Overtime Wages |
|---|---|---|---|
| **4 weeks** | **10 hours** | **$67.50** | **$2,700 (unliquidated)** ($67.50 x 10 hours x 4 weeks) |

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

    d)  <u>The Nature of the Wages.</u> The nature of Plaintiff's wage claims are unpaid wages, unpaid overtime wages, and liquidated damages.

**COUNT I**
**MINIMUM WAGE VIOLATIONS AGAINST CAVM UNDER**
**THE FAIR LABOR STANDARDS ACT**

20.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

21.    As part of its business, CAVM purchased goods and materials that traveled through interstate commerce.

22.    These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

23.    Upon information and belief, CAVM obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

24.    CAVM, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

25.    CAVM is an employer engaged in interstate commerce and subject to the FLSA.

26.    By not providing Plaintiff with any compensation for her first two weeks and last two weeks, CAVM has violated the FLSA's minimum wage provisions.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

27.    Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

28.    In addition, CAVM is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

      a.  Enter judgment for Plaintiff against CAVM under the FLSA;

      b.  Award Plaintiff actual damages for the unpaid wages;

      c.  Award Plaintiff liquidated damages;

      d.  Award Plaintiff his attorneys' fees and costs;

      e.  Award Plaintiff all recoverable interest; and

      f.  Award any other relief this Honorable Court deems just and proper.

## COUNT II
## MINIMUM WAGE VIOLATIONS AGAINST EVOLUTION UNDER THE FAIR LABOR STANDARDS ACT

29.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

30.    As part of its business, EVOLUTION purchased goods and materials that traveled through interstate commerce.

31.    These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

32.    Upon information and belief, EVOLUTION obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

33.    EVOLUTION, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

34.    EVOLUTION is an employer engaged in interstate commerce and subject to the FLSA.

35.    By not providing Plaintiff with any compensation for her first two weeks and last two weeks, EVOLUTION has violated the FLSA's minimum wage provisions.

36.    Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

37.    In addition, EVOLUTION is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a.  Enter judgment for Plaintiff against EVOLUTION under the FLSA;

   b.  Award Plaintiff actual damages for the unpaid wages;

   c.  Award Plaintiff liquidated damages;

   d.  Award Plaintiff his attorneys' fees and costs;

   e.  Award Plaintiff all recoverable interest; and

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

    f.   Award any other relief this Honorable Court deems just and proper.

**COUNT III**
**MINIMUM WAGE VIOLATIONS AGAINST VELILLA UNDER**
**THE FAIR LABOR STANDARDS ACT**

38.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 37 as if fully set forth herein.

39.    Velilla operated the day-to-day activities of the Corporate Defendants, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

40.    By withholding Plaintiff's first paycheck (and final paycheck until Plaintiff retained a lawyer), Velilla has violated the FLSA's minimum wage provisions.

41.    Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

42.    In addition, Velilla is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a.   Enter judgment for Plaintiff against Velilla under the FLSA;

    b.   Award Plaintiff actual damages for the unpaid wages;

    c.   Award Plaintiff liquidated damages;

    d.   Award Plaintiff his attorneys' fees and costs;

    e.   Award Plaintiff all recoverable interest; and

**PERERA BARNHART ALEMÁN**

12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

f.   Award any other relief this Honorable Court deems just and

proper.

## COUNT IV
## OVERTIME VIOLATION AGAINST CAVM UNDER THE FLSA

43.   Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 19 as if fully set forth herein.

44.   CAVM was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

45.   During Plaintiff's employment with Defendants, Plaintiff consistently worked over forty (40) hours per week on some occasions.

46.   Despite working overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

47.   Defendants intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

48.   In addition, CAVM is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.   Enter judgment against CAVM under the FLSA;

b.   Award Plaintiff actual damages for the unpaid wages;

c.   Award Plaintiff liquidated damages;

d.   Award Plaintiff attorneys' fees and costs;

e.   Award Plaintiff all recoverable interest; and

f.   Award any other relief this Honorable Court deems just and

proper.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## COUNT V
## OVERTIME VIOLATION AGAINST EVOLUTION UNDER THE FLSA

49.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 10 as if fully set forth herein.

50.     EVOLUTION was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

51.     During Plaintiff's employment with Defendants, Plaintiff worked over forty (40) hours per week on some occasions.

52.     Despite working overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

53.     Defendants intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

54.     In addition, EVOLUTION is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a.     Enter judgment against EVOLUTION under the FLSA;

   b.     Award Plaintiff actual damages for the unpaid wages;

   c.     Award Plaintiff liquidated damages;

   d.     Award Plaintiff attorneys' fees and costs;

   e.     Award Plaintiff all recoverable interest; and

   f.     Award any other relief this Honorable Court deems just and proper.

## COUNT VI

PERERA BARNHART ALEMÁN
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

**OVERTIME VIOLATION AGAINST VELILLA UNDER THE FLSA**

55.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 54 as if fully set forth herein.

56.     Velilla was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

57.     Velilla was responsible for running the day-to-day operations of the Corporate Defendants.

58.     Velilla had supervisory authority to discipline and fire Plaintiff.

59.     Velilla was partially or totally responsible for paying Plaintiff's wages.

60.     During Plaintiff's employment with Velilla, Plaintiff worked over forty (40) hours on some workweeks.

61.     Velilla never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

62.     Velilla intentionally refused to pay Plaintiff overtime wages she was owed under the FLSA.

63.     In addition, Velilla is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment against Velilla under the FLSA;

b.     Award Plaintiff actual damages for the unpaid wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff attorneys' fees and costs;

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

    e.    Award Plaintiff all recoverable interest; and

    f.    Award any other relief this Honorable Court deems just and proper.

**JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: October 9, 2020

                    Respectfully submitted,

                    **_/s/ Brody M. Shulman_**
                    J. Freddy Perera, Esq.
                    Florida Bar No. 93625
                    freddy@pba-law.com
                    Valerie Barnhart, Esq.
                    Florida Bar No. 88549
                    valerie@pba-law.com
                    Brody M. Shulman, Esq.
                    Florida Bar No. 92044
                    brody@pba-law.com

                    **PERERA BARNHART ALEMAN**
                    12401 Orange Dr.
                    Suite 123
                    Davie, FL, 33330
                    Telephone: 786-485-5232
                    *Counsel for Plaintiff*

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 9, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ **Brody M. Shulman***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com

## **SERVICE LIST**

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

Chad K. Lang, Esq.

**SANCHEZ-MEDINA, GONZALEZ,**

**QUESADA, LAGE, GOMEZ & MACHADO, LLP**

201 Alhambra circle, Suite 1205

Coral Gables, FL 33134

305-377-1000

855-327-0391

E-mail: clang@smgqlaw.com

*Counsel for Defendants*

**PERERA BARNHART ALEMÁN**

12401 Orange Drive· Suite 123 · Davie, FL 33330

300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134

www.PBA-law.com · Phone (786) 485.5232