## SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

This Settlement, Mutual Release, and Confidentiality Agreement (the "Agreement") is made this \_\_\_\_ day December, 2020, by and between DANETTE BLANCO ("Blanco" "Plaintiff" or "Employee"), on behalf of herself, executors, administrators, successors, and assigns (hereinafter referred to as "Plaintiff"), and Cesar A. Velilla, M.D., P.A. d/b/a Evolution MD ("Evolution"), EVMD Holdings, LLC ("EVMD") and Cesar A. Velilla, ("Velilla"), individually, including their parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, officers, managers, employees, attorneys, insurers, and its/.their successors, assigns, executors, administrators and attorneys (collectively hereinafter "Defendants"). Plaintiff and Defendants are collectively referred to as the "Parties." Evolution may be referred to as the "Company" or "Employer".

WHEREAS, Plaintiff commenced a lawsuit against Defendants styled Danette Blanco v. Cesar A. Velilla, M.D., P.A., EVMD Holdings, LLC d/b/a Evolution MD, and Cesar A. Velilla, Case No. 2020-015102-CA-01, in the Circuit Court of the 11th Judicial Circuit ("State Court Action");

WHEREAS, Defendants removed the State Court Action to the U.S. District Court, Southern District of Florida, Case No.1:20-CV-23938-Altonaga-Goodman ("Federal Court Action" and together with the State Court Action, the "Lawsuit");

WHEREAS, the Lawsuit involved a dispute between Plaintiff and Defendants concerning unpaid wages, minimum wage and/or overtime that Plaintiff claims are owed to her under the Fair Labor Standards Act ("FLSA");

WHEREAS, the Parties have reached an agreement to settle the Lawsuit, and further have agreed to a payment to Plaintiff in exchange for a general release and other consideration described herein;

WHEREAS, the parties desire, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, to effect a full, complete, final and binding settlement and compromise of all disputes and/or issues that have been raised or could be raised by Plaintiff arising out of or in any way related to Plaintiff's employment with and/or separation from Company and/or any other fact or occurrence prior to the date this Agreement is signed;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **COURT APPROVAL AND JURISDICTION.** As a condition precedent to this Agreement, the Parties agree to file a Joint Motion to Approve the Settlement and Order of Dismissal With Prejudice ("Joint Motion") and will be submitting the Agreement for an *in camera* inspection by the Court or, if the Court does not permit an *in camera* inspection, the Agreement will be attached as an exhibit to the Joint Motion. The Parties understand that should the Court not approve the Agreement, Defendants will have the right to withdraw from the

settlement and the terms of this Agreement will be null and void. If the Court approves the Agreement, the Court will retain jurisdiction of the Lawsuit to enforce the terms of this Agreement.

2.      **DISMISSAL OF LITIGATION WITH PREJUDICE.** In consideration for the promises made in this Agreement, Plaintiff consents to, and this Agreement is expressly conditioned upon, Plaintiff obtaining approval of the Agreement by the court presiding over the Lawsuit and, thereafter, the dismissal with prejudice of the Lawsuit. In accordance with these obligations, the Parties agree to sign and file a Joint Motion to Approve Settlement and to Dismiss Case with Prejudice and proposed Order Granting Joint Motion to Approve Settlement and to Dismiss Case with Prejudice, and to take any other steps necessary to obtain court approval for the Agreement and dismissal with prejudice of the Lawsuit. Each party shall bear its/his/her own costs, expenses, and fees in connection with preparing and filing the Joint Motion to Approve Settlement and to Dismiss Case with Prejudice. Plaintiff's attorneys shall prepare the first draft of the Joint Motion to Approve Settlement and to Dismiss Case with Prejudice.

3.      **TERMS OF PAYMENT**. As consideration for the release of any and all claims that Plaintiff may have against the Defendants as of the date of execution of this Agreement, Defendants shall pay to Plaintiff and Plaintiff's attorneys, Perera Barnhart Aleman ("Plaintiff's Attorney"), the total sum of Thirteen Thousand Five Hundred Dollars ($13,500.00). The payment will be applied as follows:

(a) Of the Thirteen Thousand Five Hundred Dollars ($13,500.00) being paid by Defendants, Two Thousand Five Hundred Dollars ($2,500.00), less applicable withholdings as required by law, will be paid to the Plaintiff for alleged wages owed ("Wages Payment"). A W-2 will be sent to Plaintiff for this payment.

(b) Of the Thirteen Thousand Five Hundred Dollars ($13,500.00) being paid by Defendants, Two Thousand Five Hundred Dollars ($2,500.00) will be paid to the Plaintiff for alleged liquidated damages and all other non-wage damages, for which a 1099 will be sent to the Plaintiff.

(c) Of the Thirteen Thousand Five Hundred Dollars ($13,500.00) being paid by Defendants, Eight Thousand Dollars ($8,000.00) will be paid to Plaintiff's Attorneys, for attorney's fees and costs and a 1099 will be sent to Plaintiff's Attorneys and to Plaintiff for this payment.

(d) Of the Thirteen Thousand Five Hundred Dollars ($13,500.00) being paid by Defendants, Five Hundred Dollars ($500.00) will be paid to Plaintiff, separately and independently of any other settlement monies agreed to herein, in exchange for Plaintiff's general release contained below. Said amount shall be included in the 1099 form sent to Plaintiff.

Plaintiff agrees to indemnify and hold Defendants harmless from any claim for taxes or penalties by any taxing entity assessed against Plaintiff or his counsel related to the settlement except for any withholdings made by Defendants to Plaintiff's W-2 settlement monies, as well as any costs or attorneys' fees incurred in defending such a claim. Defendants will remit all

withheld sums to the applicable taxing authorities as required by law. All consideration amounts identified in this paragraph are amounts to which Plaintiff is not otherwise entitled.

Defendants agree to forward the aforementioned checks to Plaintiff's Attorney via overnight delivery, within 10 days of the Court's Order dismissing this Lawsuit with prejudice.

4. **FULL AND COMPLETE SATISFACTION.** Plaintiff acknowledges that the Wages Payment represents all unpaid overtime wages she claims are due and that this Agreement reflects a reasonable compromise regarding any wages claim contained in the Lawsuit or listed in Paragraph No. 6 of this Agreement, including any claim under the FLSA.

5. **VOLUNTARY EXECUTION OF AGREEMENT.** This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing all claims. Plaintiff acknowledges that:

> 1. She was provided a reasonable amount of time to consider this agreement of no less than seven (7) days.
> 2. She has read this Agreement;
> 3. She is advised to have this Agreement reviewed by legal counsel before signing and she is represented in the preparation, negotiation, and execution of this Agreement by legal counsel of her own choice;
> 4. She understands the terms and consequences of this Agreement and of the release it contains;
> 5. She is fully aware of the legal and binding effect of this Agreement;
> 6. She has full power and authority to execute this Agreement;
> 7. She represents and warrants that she understands that this is a general release and is intended to be construed as broadly as possible and to the maximum extent permitted by law.
> 8. It is expressly understood and agreed that the acceptance of the above-mentioned promises and covenants is a full accord and satisfaction of all of Plaintiff's known or unknown claims, and Plaintiff covenants to Defendants that no other claims are known or contemplated.

6. **RELEASE.** Plaintiff knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, (i) Velilla, for himself, his spouse, his heirs, executors, administrators, successors and assigns, beneficiaries, trustees, insurers, and legal representatives, (ii) Evolution, for itself, its successors, assigns, predecessors, parents, subsidiaries, affiliates, shareholders, divisions, and related companies, and (iii) EVMD, for itself, its successors, assigns, predecessors, parents, subsidiaries, affiliates, shareholders, divisions, and related companies, and their respective present and former employees, officials, directors, officers, members, agents, attorneys, and insurers, (together the "Released Parties"), of and from any and all claims, known and unknown, asserted and unasserted or that Plaintiff had or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;

- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- Older Workers Benefit Protection Act
- The Americans with Disabilities Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- The Florida Workers' Compensation Law – Fla. Stat. §440.01 et. seq.
- Retaliatory discharge, Florida Workers' Compensation Law, Fla. Stat. §440.205
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Tort claims (including without limitation any claim for misrepresentation or fraud, assault, battery, intentional infliction of emotional distress, defamation, invasion of privacy, negligence, or negligent hiring, retention, or supervision);
- Any claim arising from a contract;
- Any public policy, contract, tort, or common law claim (whether in law or in equity); and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Released Parties identified in this Agreement is a party.

Defendants knowingly and voluntarily release and forever discharge Plaintiff from any and all claims, known and unknown, asserted and unasserted or that Defendants had or may have against Plaintiff as of the date of execution of this Agreement.

7. **NON-ADMISSION OF LIABILITY**. It is understood and agreed that the receipt by the Parties of the consideration specified herein and the execution of this Agreement is not to be considered an admission of liability on the part of any of the Parties but is in full settlement of disputed claims on which liability has been and is expressly denied.

8. **CONFIDENTIALITY**. It is understood and agreed that the existence, terms, conditions and monetary amount of this Agreement, specifically including but not limited to the fact that there has been a settlement, are confidential and that the Parties and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this Agreement or the existence, terms, conditions or monetary amount of the settlement of Plaintiff's claims from the time the settlement was agreed upon forward. In the event any other person or entity asks the Parties or their legal representatives about the Lawsuit

or about any of the disputes relating to Plaintiff's employment with the Defendants, Parties and their legal representatives shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude any of the parties or their legal representatives from disclosing the existence, terms, conditions and monetary amount of this Agreement to their legal representatives, accountants, insurers and tax preparers or to government officials upon request or pursuant to subpoena, court order or a claim by the Defendants for contribution. In the event that any of these entities or individuals disclose the existence, terms, conditions or monetary amount of this Agreement to an approved individual listed, it shall be their responsibility to advise said individual of the confidential nature of this Agreement and to secure from such individual his or her assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this Agreement or any of their terms with anyone else. Plaintiff agrees and acknowledges that she is jointly and severally liable for any breach of this confidentiality requirement by said individual(s).

Plaintiff further agrees to keep any and all facts and information obtained at any time by Plaintiff all confidential and/or proprietary information learned by Plaintiff about the business affairs, employees, and patients of the Defendants during the time Plaintiff had an employment, business and/or contractual relationship with the Defendants.

Plaintiff agrees that this confidentiality provision is a material element of this Agreement and is consideration for the Defendants entering into and executing this Agreement. No action by the Defendants or the Released Parties shall be taken as a waiver of Defendants' right to insist that Plaintiff, and those individuals to whom she made disclosure of the existence or terms of this Agreement, abide by this confidentiality provision.

The Parties acknowledge and agree that Plaintiff has been specifically advised that Plaintiff is not to disclose any information made confidential by this Agreement. Plaintiff represents and warrants that as of the date of execution of this Agreement, Plaintiff has made no disclosure of any information made confidential by the Agreement. In the event Plaintiff violates this confidentiality provision, Plaintiff will be obligated to pay Defendants Two Thousand Five Hundred Dollars ($2,500.00) per breach as liquidated damages, and not as a penalty, for each violation. The Parties agree that this sum is a good faith estimate of Defendants' damages for any breach by Plaintiff of this confidentiality provision and that it does not waive Defendants right to seek any additional remedies including, but not limited to, equitable remedies for said violation(s).

9. **DISPARAGING STATEMENTS**. Plaintiff agrees that she will not make any disparaging or negative remarks concerning the Defendants or the Released Parties and its/their products or services and Defendants agree that Dr. Velilla shall not disparage Plaintiff. In the event Plaintiff violates this provision, Plaintiff will be obligated to pay Defendants Two Thousand Five Hundred Dollars ($2,500.00) per breach as liquidated damages, and not as a penalty, for each violation. The Parties agree that this sum is a good faith estimate of Defendants' damages for any breach by Plaintiff of this provision and that it does not waive Defendants right to seek any additional remedies including, but not limited to, equitable remedies for said violation(s).

Plaintiff further agrees to take down/delete, to the extent possible, any prior reviews of the Defendants, their products and/or their services.

10. **NEUTRAL REFERENCE.** Evolution agrees, when a third party inquires, to provide a neutral reference about Plaintiff, conditioned on the inquirer only calling the following phone number: 305-801-1129. The information provided shall be limited to providing Plaintiff's name, final position and period of employment, without reference to any claim, EEOC Charge, Lawsuit, or the resolution thereof.

11. **FUTURE RELATIONSHIP**. Plaintiff, now and for the future, expressly waives, releases and surrenders any right or opportunity to, and will not seek or accept, any relationship, including that of independent contractor, agent or consultant, nor will she seek or accept employment, re-employment or reinstatement to employment with Defendants or the Released Parties. This Agreement shall constitute a legitimate, nondiscriminatory reason and non-retaliatory reason for refusal to employ Plaintiff.

12. **OTHER LITIGATION MATTERS.** Plaintiff agrees for and in consideration of the promises outlined in paragraph 3, Plaintiff will not testify for, appear on behalf of, or otherwise assist in any way any individual or company in any claim against Defendants except, unless and only pursuant to a lawful subpoena or other legal process issued to Blanco. If such a subpoena is issued, Blanco will immediately notify Chad K. Lang, Esq. at SMGQ Law 201 Alhambra Circle, Ste. 1205, Coral Gables, FL 33134 and provide him with a copy of the subpoena unless the subpoena reflects that he has already received a copy.

13. **RESTRICTIVE COVENANTS INDEPENDENT.** Each restrictive covenant set forth in this Agreement shall be construed as a covenant independent of any other covenant or provision of this Agreement between the Company and Employee, and the existence of any claim or cause of action by the Employee against the Company, whether predicated upon any other covenant or provision of this Agreement or otherwise, shall not constitute a defense to the enforcement by the Company of any other covenant or this Agreement.

14. **REPRESENTATION AND WARRANTY OF PLAINTIFF.** Plaintiff represents and warrants that she did not post a review of one or more of the Defendants on the Indeed.com website on May 7, 2020.

15. **COUNTERPARTS**. This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.

16. **JURISDICTION, VENUE AND JURY WAIVER. In the event of any future dispute, controversy or claim between any Parties arising from or relating to this Agreement, its breach, any matter addressed by this Agreement, and/or Plaintiff's business relationship and/or employment with and/or separation from Company/Velilla, all parties to the Lawsuit WAIVE THE RIGHT TO ANY JURY TRIAL IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY ANY PARTY AGAINST ANY OTHER PARTY TO THE LITIGATION. The Parties hereby agree and consent to the sole jurisdiction and venue of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida or the**

**United States District Court in the Southern District of Florida, whichever is applicable, for any dispute, controversy or claim**. This Agreement shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Florida, without regard to the application of conflicts of law principles.

17. **BREACH OF AGREEMENT.** In the event Plaintiff breaches this Agreement, Defendants may institute an action to specifically enforce the terms of this Agreement, in addition to any other legal or equitable relief permitted by law and/or by this Agreement. In the event that a legal action is brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its/his court costs, including all attorney's fees up through and including any appeals.

18. **WAIVER OF ATTORNEY'S FEES.** Other than the amount paid herein, Plaintiff waives, releases, indemnifies and holds Defendants and Released Parties harmless from any and all claims for attorney's fees and/or costs including any fees or costs based on this Agreement or in any way related to the Lawsuit except as specifically provided in this Agreement.

19. **COOPERATION WITH DEFENDANTS**. Plaintiff agrees to reasonably cooperate in the defense of any actual or potential obligation, claim, demand, deficiency, levy, fine, penalty, interest, assessment, execution, judgment, recovery, dispute, lawsuit, subpoena or grievance (collectively "Disputes") initiated or currently in progress against any of the Defendants and related in any way to their operations during Plaintiff's time working with Defendants, even if Plaintiff is not named as a party.

20. **MISCELLANEOUS**.

    A. Entire Agreement. This Agreement represents the entire agreement and understanding between the parties and supersede all prior negotiations, understandings, representations (if any), and agreements made by and between the Parties.

    B. Construction. This Agreement shall not be construed against the party who drafted the same as all Parties have retained experts of their choosing to review this Agreement.

    C. Enforceability. If any term or condition of this Agreement shall be declared to be illegal, invalid or unenforceable to any extent or in any application, except for the general release (Section 6), then the remainder of this Agreement and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this Agreement shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this Agreement.

    D. Modification. This Agreement may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this Agreement.

E. <u>Binding Effect</u>. All the terms of this Agreement shall be binding upon and inure to the benefit of and be enforceable by, the Parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

F. <u>Agreement Not to Be Used as Evidence</u>. This Agreement shall not be admissible as evidence in any proceeding except one in which a party to this Agreement seeks to enforce this Agreement, and this Agreement has been breached or seeks contribution for amounts paid under this Agreement or one in which a court or administrative agency of competent jurisdiction orders a party to produce this Agreement.

G. **Negotiations.** All negotiations have been conducted in English or were translated from English to Employee. If necessary, Employee (or his attorneys) have had this document translated to Employee's satisfaction. Employee represents and warrants that Employee has had all terms of the settlement agreement explained to her, and that by signing below, Employee fully understands and agrees to those terms.

<u>Negociaciones</u>. Las negociaciones se han realizado en inglés o han sido traducidas de inglés para el Empleado. Si es necesario, Empleado (o su abogado) ha pedido que este documento sea traducido a la satisfacción de el Empleado. Empleado declara y garantiza que todos los términos se le han explicado, y que al firmar abajo, el Empleado comprende y acepta esos términos.

IN WITNESS WHEREOF, the Parties have executed this Settlement, Mutual Release and Confidentiality Agreement on the dates shown below.

PLAINTIFF HEREBY ADVISES THAT SHE HAS BEEN GIVEN A REASONABLE PERIOD OF TIME TO REVIEW THIS SETTLEMENT, MUTUAL RELEASE, AND CONFIDENTIALITY AGREEMENT AND THAT SHE SHOULD CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT, MUTUAL RELEASE, AND CONFIDENTIALITY AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS STATED ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT, MUTUAL RELEASE, AND CONFIDENTIALITY AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST COMPANY and VELILLA.

Cesar A. Velilla, M.D., P.A. d/b/a Evolution MD

Signature: _____

Print: Cesar Velilla

Title: Medical Director

Date: 12/11/2020

_____
Danette Blanco

Date: _____

_____
Cesar A. Velilla
Date: 12/11/2020